# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARY KEEN KIRCHOFF, M.D.; MICHAL PORUBCIN, M.D.; MICHAEL HAWKING, M.D.; BRIAN COURI, M.D.; MOST REVEREND THOMAS J. PAPROCKI, ROMAN CATHOLIC BISHOP OF THE DIOCESE OF SPRINGFIELD IN ILLINOIS, and LUTHERAN CARE CENTER,

Plaintiffs,

v.

MARIO TRETO, JR., Secretary of the Illinois Department of Financial and Professional Regulation; SAMEER VOHRA, Director of the Illinois Department of Public Health, in their official capacities.

Defendants.

Case No.: 1:26-cv-9628

Hon. District Judge Franklin U. Valderrama

Magistrate Judge Heather K. McShain

**DEFENDANTS' *UNOPPOSED* MOTION TO REASSIGN CASE**

Defendants Mario Treto, Jr., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation; and Sameer Vohra, M.D., in his official capacity as Director of the Illinois Department of Public Health, respectfully move pursuant to Local Rule 40.4 to reassign a substantially similar action, *Carmelite Sisters of the Aged and Infirm v. Prince*, 26-cv-10665, currently pending before the Honorable Sharon Johnson Coleman, to this Court. Reassignment of *Carmelite Sisters* to this Court's calendar will promote judicial economy and efficiency because the plaintiffs in *Carmelite Sisters* challenge the same statute and bring claims involving substantially the same issues of fact or law as Plaintiffs in this action. In support of this motion, Defendants state as follows:

1. On August 11, 2026, Plaintiffs filed their Complaint in this matter. Dkt. 1.

2. Plaintiffs' Complaint pleads eight claims seeking to enjoin the Illinois End-of-Life Options for Terminally Ill Patients Act (the "Act"), Illinois Public Act 104-0441, 410 ILCS 22/1 *et seq*. Plaintiffs allege that the Act contravenes their Constitutional rights and violates federal law. *Id.*

3. On August 21, 2026, the Court granted the parties' joint motion stipulating to the entry of a temporary restraining order enjoining Defendants from enforcing the Act as to the named Plaintiffs pending the Seventh Circuit's decision in the consolidated appeals *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657). Dkt. 13.

4. On September 3, 2026, a different set of plaintiffs filed a lawsuit seeking to enjoin the Act. *See Carmelite Sisters for the Aged and Infirm v. Prince*, 26-cv-10665 (N.D. Ill.). *Carmelite Sisters* was assigned to the Honorable Sharon Johnson Coleman.

5. Plaintiffs in *Carmelite Sisters* pleaded twelve claims. *Carmelite Sisters* Dkt. 1. These included claims for violations of Constitutional rights, including freedom of speech and association, free exercise of religion and religious association, and the church autonomy doctrine, that raise substantially the same issues of fact or law as the constitutional claims in this action.

6. Plaintiffs in *Carmelite Sisters* also pleaded claims asserting that the Act violates the Americans with Disabilities Act, 42 U.S.C. § 12132, the Affordable Care Act, 42 U.S.C. § 18113, and the Assisted Suicide Funding Restriction Act, 42 U.S.C. § 14402(a)(1). These claims also raise substantially the same issues of fact or law as the statutory claims in this action.

7. Mindful of the interests of judicial economy and efficiency, Defendants respectfully move pursuant to Local Rule 40.4(c) to reassign *Carmelite Sisters* to this Court's calendar.

8. Local Rule 40.4 provides that "a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge" provided that:

> "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

9. All the Rule 40.4 criteria are met. *Carmelite Sisters* is related to this action under Rule 40.4(a) because, as explained above, many of the claims in *Carmelite Sisters* raise substantially the same issues of fact or law as the claims in this action. *See.* L.R. 40.4(a)(2). *Carmelite Sisters* also "grow[s] out of the same transaction or occurrence" as this case because both cases concern the General Assembly's passage of the Act and the Act's potential effects on healthcare providers with religious objections to providing medical aid-in-dying. *Id.* 40.4(a)(3).

10. As to the 40.4(b) factors, reassignment is not likely to delay either of the proceedings. Both cases are pending in the Northern District of Illinois, and neither case has progressed beyond the initial pleadings. *See id.* 40.4(b)(1), (3). Further, the parties in *Carmelite Sisters* have agreed to a stipulated temporary restraining order that, similar to the order in this case, enjoins Defendants from enforcing the Act against Plaintiffs pending the issuance of the mandate following the Seventh Circuit's decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs'

expected motion for preliminary injunction. Accordingly, both cases are at the same stage of the proceedings and rely on a decision in the same Seventh Circuit case to move forward.

11. Reassignment also "would result in substantial saving of judicial time and effort." *Id.* 40.4(b)(2). As noted, *Carmelite Sisters* and this case raise similar constitutional and statutory claims challenging the Act and its potential effect on healthcare providers with religious objections to providing medical aid-in-dying. Reassigning *Carmelite Sisters* to this Court would avoid duplication of judicial efforts and potential inconsistency between rulings on the same subject. *See Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) ("The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation."). Once the proceedings continue, both cases can be placed on the same schedule with the same deadlines, allowing the cases to proceed at the same pace and avoid redundant briefing and efforts.

12. Finally, Defendants believe *Carmelite Sisters* and this case "are susceptible of disposition in a single proceeding." L.R. 40.4(b)(4). Both cases share significant factual and legal issues that render disposition in a single proceeding possible, especially because both cases seek similar relief against similar defendants. Rather than risking imposing different decisions on the same issues, Defendants believe the better course is to impose a consistent, uniform disposition.

13. Defendants do not seek consolidation at this time, though they reserve the right to reconsider and request consolidation at a later time if the need arises. Conversely, subsequent developments may make resolution through a single proceeding improper. However, the rule does not require certainty, especially at this early stage, that the cases can be resolved in a single proceeding, but only susceptibility.

14. Finally, as required by Local Rule 40.4, all parties are in the process of filing appearances in both of these cases to ensure that "all parties to a proceeding be permitted to

respond on the questions of relatedness and possible reassignment."

15. Plaintiffs' counsel in *Carmelite Sisters* indicated that they do not object to the requested reassignment. Plaintiffs' counsel in this matter indicated that they do not object to the requested reassignment.

16. For the above reasons, reassignment of *Carmelite Sisters* to this Court is proper and in the interest of justice, judicial economy, and efficiency.

**CONCLUSION**

Accordingly, Defendants respectfully request that the Court enter an Order finding that *Carmelite Sisters of the Aged and Infirm v. Prince*, 26-cv-10665, is related to this action under Local Rule 40.4(a), and that reassignment of *Carmelite Sisters* to this Court is proper pursuant to Local Rule 40.4(b).

Dated: September 10, 2026

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

By: */s/ Lillian McGuire*
Elizabeth Morris
Elena S. Meth
Lillian Margaret McGuire
Office of the Illinois Attorney General
115 South LaSalle St., 35th Fl.
Chicago, Illinois 60603
(312) 814-3000
elizabeth.morris@ilag.gov
elena.meth@ilag.gov
lillian.mcguire@ilag.gov

*Counsel for Defendants*