**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARMELITE SISTERS FOR THE AGED AND INFIRM et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| TERRY PRINCE et al., | ) | Case No.: 1:26-cv-10665 |
| Defendants. | ) | |
| | ) | The Hon. Franklin U. Valderrama<br>U.S. District Judge |

---

**<u>JOINT INITIAL STATUS REPORT</u>**

Pursuant to the Court's order (Dkt. 23), the parties submit the following Joint Initial Status Report:

## I. Nature of the Case

### A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

*For Plaintiffs:*


Michael O'Brien (lead trial attorney)
Mark L. Rienzi
Laura Wolk Slavis
Adèle A. Keim
Benjamin A. Fleshman
Jordan Varberg
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, DC 20006
(202) 955-0095
mobrien@becketfund.org
mrienzi@becketfund.org

lslavis@becketfund.org
akeim@becketfund.org
bfleshman@becketfund.org
jvarberg@becketfund.org

*For Defendants*:

Elizabeth Morris (lead trial attorney)
Elena S. Meth
Lillian Margaret McGuire
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
Special Litigation Bureau
115 S. LaSalle Street, 35th Floor
Chicago, IL 60603
(312) 814-3000
elizabeth.morris@ilag.gov
elena.meth@ilag.gov
lillian.mcguire@ilag.gov

**B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties.**

Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because their claims arise under the Constitution and laws of the United States. Dkt. 1 ¶ 25.

**C. Provide a short overview of the case in plain English.**

Plaintiffs challenge certain provisions of the End-of-Life Options for Terminally Ill Patients Act ("EOLO"), 410 ILCS 22, effective September 12, 2026, and certain provisions of the Health Care Right of Conscience Act ("HCRCA"), 745 ILCS 70, which EOLO incorporates by reference. Plaintiffs assert that EOLO and those HCRCA provisions violate their constitutional rights under the First and Fourteenth Amendments and contravene federal law.

**D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiffs bring claims asserting that EOLO, and the HCRCA provisions it incorporates, violates their First Amendment rights including freedom of speech, freedom of association and assembly, free exercise of religion, and church autonomy, and violates their Fourteenth

Amendment equal protection rights. Plaintiffs also allege EOLO violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and conflicts with the Federal Assisted Suicide Funding Restriction Act (ASFRA), 42 U.S.C. § 14402(a)(1), and the Affordable Care Act (ACA), 42 U.S.C. § 18113(a), in violation of the Constitution's Supremacy Clause. Defendants' responsive pleading deadline is stayed (Dkt. 28) and they have not yet asserted their defenses.

**E. What are the principal factual issues?**

Defendants' position is that the principal factual issues include the nature and scope of EOLO's referral and "benefits" discussion requirements. Plaintiffs' position is that the principal issues in this case are legal and that, Defendants having not yet responded to the Complaint, the parties cannot yet identify which facts, if any, will be disputed.

**F. What are the principal legal issues?**

The principal legal issues include whether EOLO (including the HCRCA provisions it incorporates) unconstitutionally regulates Plaintiffs' speech, burdens their freedom of association and assembly, and/or infringes on Plaintiffs' free exercise of religion in violation of the First Amendment; whether EOLO violates the church autonomy doctrine under the First Amendment; whether EOLO's requirements treat religious people, or people who are disabled by reason of a terminal illness, on unequal terms in violation of the Fourteenth Amendment; whether EOLO violates the ADA; and whether EOLO is preempted by ASFRA and/or ACA.

**G. What relief are the plaintiffs seeking?**

Plaintiffs seek (1) a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from enforcing EOLO and incorporated provisions of the HCRCA, either on their face or as applied; (2) a declaratory judgment that EOLO and incorporated provisions of the HCRCA violate the First Amendment, Fourteenth Amendment, ADA, ASFRA, and ACA; (3) nominal damages; (4) attorney's fees and costs under

42 U.S.C. § 1988; and any such other relief as the Court may deem just and proper. Dkt. 1 at 86-87.

**H. Have all defendants been served, or waived service of process?**

All Defendants have waived service.

## II. Discovery

The parties have not yet conferred about a discovery schedule because proceedings in this case are stayed pending the Seventh Circuit's decision and mandate in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657). Pursuant to the Court's order (Dkt. 28), upon the issuance of the mandate in *NIFLA* and *Schroeder*, the parties will submit a joint proposed briefing schedule for Plaintiffs' motions for preliminary injunction and Defendants' motions to dismiss or other responsive pleadings. In order to conserve judicial and party resources, the parties propose deferring submission of a discovery schedule until after the Court resolves those motions.

## III. Trial

**A. Have any of the parties demanded a jury trial?**

Plaintiffs have not demanded a jury trial.

**B. Estimate the length of trial.**

Due to the stay, the parties have not conferred about the length of any potential trial.

## IV. Settlement, Referrals, and Consent

**A. Have any settlement discussions taken place? If so, what is the status?**

The parties have agreed to a stipulated temporary restraining order enjoining Defendants from enforcing EOLO and incorporated provisions of the HCRCA against Plaintiffs pending the issuance of the mandate in *NIFLA* and *Schroeder* and this Court's subsequent ruling on Plaintiffs' anticipated motion for preliminary injunction. *See* Dkt. 22. The parties have otherwise not discussed settlement.

**B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

In light of the stay, the parties do not request a settlement conference at this time.

**C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?**

The parties have not consented to the jurisdiction of a magistrate judge.

## V. Other

**A. Is there anything else that the plaintiff(s) wants the Court to know?**

N/A.

**B. Is there anything else that the defendant(s) wants the Court to know?**

N/A.

Respectfully submitted,

THE BECKET FUND FOR RELIGIOUS LIBERTY

By: /s/ Mark L. Rienzi
Mark L. Rienzi
Michael J. O'Brien
Laura Wolk Slavis
Adèle A. Keim
Benjamin A. Fleshman
Jordan T. Varberg
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, DC 20006
(202) 955-0095
mobrien@becketfund.org
mrienzi@becketfund.org
lslavis@becketfund.org
akeim@becketfund.org
bfleshman@becketfund.org
jvarberg@becketfund.org

*Counsel for Plaintiffs*

KWAME RAOUL

*Attorney General of Illinois*

By: /s/ Lillian McGuire
Elizabeth Morris
Elena S. Meth
Lillian Margaret McGuire
Office of the Illinois Attorney General
Special Litigation Bureau
115 S. LaSalle Street, 35th Floor
Chicago, IL 60603
(312) 814-3000
elizabeth.morris@ilag.gov
elena.meth@ilag.gov
lillian.mcguire@ilag.gov

*Counsel for Defendants*